# In the United States Court of Federal Claims

No. 12-58T

(Filed: December 12, 2013)

| | |
|---|---|
| ********************************* ) | Claim for tax refunds; prior suit; 28 |
| ) | U.S.C. § 1500; *Brandt* followed; motion |
| **GERD TOPSNIK,** ) | for continued stay; no pressing need for |
| Plaintiff, ) | continuation |
| ) | |
| **v.** ) | |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ********************************* | |

Charles H. Magnuson, Los Angeles, California for plaintiff.

Carl D. Wasserman, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Kathryn Keneally, Assistant Attorney General, David I. Pincus, Chief, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

In this tax case, plaintiff, Gerd Topsnik, seeks a refund of income taxes paid via lien and levy for 1992, 1993, 1999, 2000, and 2001. Mr. Topsnik is a nonresident alien as to the United States, with a residence in Germany, who owned stock in a company located in California. That stock was redeemed by the company in 2004, with part of the redemption price paid in monthly installments. The Internal Revenue Service ("IRS") levied upon these installment payments to collect most of the taxes in dispute. At this juncture, a salient issue is a procedural matter, *i.e.*, whether this court is the proper forum for plaintiff's refund claims, or, indeed, whether any forum is available. Related actions are pending before the United States Court of Appeals for the Ninth Circuit and the United States Tax Court.

Because of the earlier pendency of litigation in the United States District Court for the Central District of California, an issue had arisen respecting the application of 28 U.S.C.

§ 1500.[1]  That statute bars jurisdiction in this court of a claim by a plaintiff who has pending in any other court a suit against or in respect of the United States concerning the same operative facts.  This case was stayed at the behest of the parties to await resolution of a comparable jurisdictional issue in *Brandt v. United States*, 710 F.3d 1369 (Fed. Cir. 2013).[2]  In *Brandt*, the Federal Circuit decided that Section 1500 did not bar an action filed in this court after a related action had been dismissed by a district court but before the time for appeal of that dismissal had run.  710 F.3d at 1379.  The court of appeals held that this court's jurisdiction was not ousted by a subsequently filed appeal in the related case because there was a "period of time when [the] case was not, as the statute requires, 'pending in any other court,'" and an action filed in that interim was jurisdictionally proper.  *Id*.  The Federal Circuit denied rehearing and rehearing en banc in *Brandt*, and the government has advised that it will not file a petition for certiorari in that case.  *See* Def.'s Notice of Decision and Mot. to Continue Stay ("Def.'s Mot."), ECF No. 44.  Nonetheless, the government has moved to continue the stay of this action pending the outcome of appellate proceedings in the related case pending in the Court of Appeals for the Ninth Circuit.  *See id*.

## BACKGROUND

At issue are payments of tax for the years 1992, 1993, 1999, 2000, and 2001.  Compl. ¶¶ 5, 19-22, Attach. at 23.[3]  Mr. Topsnik had paid some taxes for the years 1992, 1993, and 1999, Compl. ¶ 6, but the IRS on February 13, 2004, issued a Notice of Tax Lien for additional taxes totaling $110,003.31, allegedly due for the 1992, 1993, 1994, and 1999 tax years.  Compl. Attach. at 11.  Other liens and levies were filed, and litigation in the Tax Court ensued regarding the IRS's collection activities, without fully resolving the disputed issues.[4]  Subsequently, on

---

[1]The statute provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit, or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500.

[2]The stay was entered by the judge to whom the case was previously assigned.

[3]Attached to the complaint are IRS lien notices, IRS notices of intent to levy, certificates of release of federal tax liens, and correspondence between IRS officials and Mr. Topsnik's counsel regarding the liens and levies.  The attachment is sequentially paginated by the electronic filing system, and citations to the attachment will reflect this pagination.

[4]*See Topsnik v. Commissioner*, No. 1454-09L (Tax Court filed Jan. 21, 2009), and *Topsnik v. Commissioner*, No. 19398-09L (Tax Court filed Aug. 13, 2009).  A further case in the Tax Court, *Topsnik v. Commissioner*, No. 26894-10L (Tax Court filed Dec. 6, 2010), was filed

February 16, 2010, a further notice of levy was issued by the IRS, adding amounts allegedly due for 2000 and 2001 and adjusting the total sought to $257,224.97.  Compl. Attach. at 26.

On August 23, 2011, Mr. Topsnik filed a complaint in the United States District Court for the Central District of California seeking damages respecting the IRS's collection activities and a refund of taxes paid.  Compl., *Topsnik v. United States*, No. 2:11-cv-6958-JHN-MRW (C.D. Cal. filed Aug. 23, 2011).  Mr. Topsnik alleged that he was a non-resident alien who resided in Germany.  *Id.* ¶ 2.  The government filed a motion to dismiss, among other things contending that venue with respect to both the damages and refund claims lay in the judicial district where Mr. Topsnik resided and that, because Mr. Topsnik resided outside the United States, venue lay with the Court of Federal Claims.  *See* Order Granting Def.'s Mot. to Dismiss, *Topsnik v. United States*, No. 2:11-cv-06958-JHN-MRW (C.D. Cal. Jan. 17, 2012).[5]  The district court ruled that venue was improper, citing 28 U.S.C. § 1402(a)(1), and granted the motion to dismiss without prejudice to Mr. Topsnik's refiling suit in the Court of Federal Claims.  *Id.* at 2-3.[6]  Mr. Topsnik's motion to amend the district court's order of dismissal to provide for transfer to this court was unsuccessful.  *See* Order Denying Pl.'s Mot. to Amend Judgment, *Topsnik v. United States*, No. 2:11-cv-06958-JHN-MRW (C.D. Cal. Apr. 2, 2012).

Mr. Topsnik filed the instant suit in this court on January 30, 2012, and subsequently, on March 16, 2012, filed an appeal from the district court's dismissal, which appeal remains pending in the Court of Appeals for the Ninth Circuit.  *See* Answering Brief for the United

---

late in 2010.  Each of these cases was dismissed for either lack of jurisdiction or mootness, without reaching the merits.

[5]A copy of the district court's order granting the government's motion to dismiss has been submitted in the docket of the instant case as ECF No. 9-2, pp.1-3.

[6]The district court reasoned that

Plaintiff here does not reside in any judicial district since he currently resides in Germany.  Accordingly, under § 1402(a)(1), . . .  Plaintiff's only recourse is to prosecute his claim in the United States Claims Court, which has concurrent jurisdiction over tax refund actions.  *Krapf v. United States*, 604 F. Supp. 1164, 1165 (D. Del. 1985) ("Despite the fact that the venue provisions of 28 U.S.C. § 1402(a)(1) preclude litigation of Plaintiffs' claim in any district court, Plaintiffs are not deprived of a forum.  Under 28 U.S.C. § 1346(a)(1), the United States Claims Court exercises concurrent jurisdiction with the district courts to hear federal tax refund suits.).

Order Granting Def.'s Mot. to Dismiss at 2, *Topsnik v. United States*, No. 2:11-cv-06958-JHN-MRW.

States, *Topsnik v. United States*, No. 12-55533 (9th Cir. Feb. 4, 2013), submitted by notice in the instant case, ECF No. 41.[7]

## STANDARD FOR DECISION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). This discretion, however, is not unbounded. *Id.* (citing *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)). A stay that is "'immoderate or indefinite' may be an abuse of discretion." *Id.* (quoting *Landis*, 299 U.S. at 257 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.")); *see also Landis*, 299 U.S. at 255 ("[A] stay of indefinite duration in the absence of a pressing need" may constitute an abuse of discretion.). Ultimately, a court must exercise its own judgment to "weigh competing interests and maintain an even balance" among those fulfilled by a stay and those frustrated by such action. *Cherokee Nation*, 124 F.3d at 1416 (quoting *Landis*, 299 U.S. at 255). As the Federal Circuit has said, "[o]verarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.*

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). To justify suspending the regular course of litigation, the proponent "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

## ANALYSIS

The government seeks a continuation of the stay until resolution by the Ninth Circuit of the appeal by Mr. Topsnik currently pending before that court. *See* Def.'s Mot. at 2. The government argues that this result would be consistent with the "first-filed rule," which should be applied "in a manner serving sound judicial administration." *Id.* (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The government suggests that the issues pending before the Ninth Circuit and this court are similar and that resolution of the appeal by the Ninth Circuit would serve judicial economy. *Id.* at 1-3.

Earlier, in opposing defendant's motion to continue the stay because of the *Brandt* proceedings, Mr. Topsnik emphasized that the district court had failed to invoke the transfer provisions of 28 U.S.C. § 1404(a) relating to transfer to cure an improper venue. He argued that "[p]laintiff's offer . . . of transfer to a forum of [d]efendant's choosing [, *i.e.*, the Court of

---

[7]Additionally, in the Tax Court, Mr. Topsnik has pending a suit, *Topsnik v. Commissioner*, No. 22577-11 (Tax Court filed Oct. 3, 2011), which relates to tax years 2004 through 2009. *See* Hr'g Tr. 12:8-12 (Oct. 3, 2013).

Federal Claims] has been met with silence."  Pl.'s Resp. to Def.'s Mot. to Continue the Stay at 2, ECF No. 38.  He objected to continuation of the stay because of the government's arguably inconsistent positions on jurisdiction and whether the instant case should proceed.  *Id.*  Now that *Brandt* is settled law in the Federal Circuit, and the jurisdictional cloud attributable to Section 1500 has been cleared, Mr. Topsnik has advised that a venue ruling by the Ninth Circuit would be beneficial.  *See* Pl.'s Resp. to Def.'s Mot. to Continue the Stay at 1, ECF No. 45.

No venue issue is before this court.  Indeed, nothing this court might do, either to continue the stay or to lift it, would or could affect the venue issue now before the Ninth Circuit. Instead, the question presented to this court is whether this litigation should be held in abeyance to await a purely procedural ruling by the Ninth Circuit on venue when this court unquestionably has subject matter jurisdiction over Mr. Topsnik's refund claim and can proceed to address the merits.

Because this litigation concerns income taxes paid as far back as the 1992 and 1993 tax years, over twenty years in the past, time is a strong consideration favoring lifting the stay.  A countervailing factor rests in the fact that this court can only address Mr. Topsnik's refund claims, not also his claims for civil damages for improper lien and collection actions under 26 U.S.C. §§ 7432 and 7433.[8]  This latter consideration is weakened, however, by the government's position that Mr. Topsnik's damages claims are merely refund claims in disguise.  The District Court for the Central District of California did not address the proper venue for Mr. Topsnik's claims under Sections 7432 and 7433.  The district court's order dismissing Mr. Topsnik's claims relied solely on the interaction of 28 U.S.C. § 1346 and 28 U.S.C. § 1402.  *See* Order Granting Def.'s Mot. to Dismiss at 2, *Topsnik v. United States*, No. 2:11-cv-06958-JHN-MRW.[9]

---

[8]In pertinent part, Section 7432 provides:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7432(a).  Correlatively, Section 7433 provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title.  Such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. 7433(a).

[9]Section 1346 provides the district courts with concurrent jurisdiction with the Court of Federal Claims over "any civil action against the United States for the recovery of any internal-

That focus was understandable because Mr. Topsnik's complaint and amended complaint in the district court made no allegation of specific economic losses or other damages attributable to the IRS's collection activities.[10]

Factually, this case bears at least a few similarities to those arising in *Cherokee Nation*. There also, a stay was issued because a related quiet-title action was pending in another court and the stay-issuing court considered that its order would avoid duplicative litigation and conserve judicial resources. *Cherokee Nation*, 124 F.3d at 1416. The court of appeals reversed, however, concluding that these concerns fell short of "the 'pressing need' required when a trial court seeks to suspend its proceedings indefinitely." *Id*. at 1416-17. The court considered that obtaining a result in the quiet-title proceedings was not essential to the resolution of the claims pending before the stay-issuing court. *Id*.

In this instance, the stay sought is not quite indefinite, depending instead upon the timing of a ruling by the Ninth Circuit. Nonetheless, the government has taken, and continues to take, the position that a ruling by the Ninth Circuit would be of limited value. It argued to the Ninth Circuit that "the actual relief being sought by taxpayer is a refund of taxes that he alleges were erroneously or illegally collected, and the proper forum for a refund suit by a nonresident taxpayer is the United States Court of Federal Claims." Answering Brief for the United States at 47, *Topsnik v. United States*, No. 12-55533 (9th Cir. Feb. 4, 2013). This contention is inconsistent with continuation of the stay. Indeed, lifting the stay would advance this position taken by the government before the Ninth Circuit and potentially lead to an earlier resolution of this tax dispute.

No pressing or evident need arises to delay further this proceeding over income taxes for years dating back to 1992. Continuation of the stay has not been justified.

---

revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). Section 1402 provides that claims arising under Section 1346 "may be prosecuted only . . . in the judicial district where the plaintiff resides." 28 U.S.C. § 1402(a). Claims arising under Sections 7432 and 7433 are not governed by Section 1346, and so venue as to those claims is not limited by Section 1402.

[10]In the Ninth Circuit, the government maintains that Mr. Topsnik's damages claims are really refund claims, and so venue is limited by Section 1402. The government argues that "a suit to recover a sum that was excessive or wrongfully collected is a suit for *refund*, not a suit for damages. . . . Entirely missing from taxpayer's amended complaint is an allegation that he suffered any additional injury that would not be compensated by a tax refund." Answering Brief for the United States, *Topsnik v. United States*, No. 12-55533, at 22-23 (9th Cir. Feb. 4, 2013).

In its answering brief to Mr. Topsnik's appeal in the Ninth Circuit, the government states that "[i]f a taxpayer believes that illegal IRS collection activity has caused him to sustain actual, direct economic damages then he can attempt to recover those damages by filing a damages suit in the district court of any judicial district with a substantial connection to the underlying collection events. The Court of Federal Claims lacks jurisdiction over damages actions." Answering Brief for the United States, *Topsnik v. United States*, No. 12-55533, at 22 (9th Cir. Feb. 4, 2013).

**CONCLUSION**

The government's motion for continuation of the stay previously entered is DENIED, and the stay is LIFTED.  To date, the government has not filed an answer in this case.[11]  Its answer shall be due on or before February 4, 2014.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

[11]A motion to dismiss filed by the government on June 1, 2012, ECF No. 9, was premised on Section 1500.  As noted in *Brandt*, the Federal Circuit rejected the government's comparable arguments respecting the application of Section 1500 to cases such as this one.  The government's motion to dismiss is accordingly DENIED.  Other motions dependent on the outcome in *Brandt*, *i.e.*, ECF Nos. 19, 33, and 35, are DENIED as moot.