# In the United States Court of Federal Claims

No. 12-58T
No. 14-275T
(Filed: February 27, 2015)

| | |
|---|---|
| GERD TOPSNIK,<br><br>                Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                Defendant. | Motion to Dismiss for Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Tax Refund; 28 U.S.C. § 1346; 26 U.S.C. § 7422; Civil Damages Provisions of Internal Revenue Code; 26 U.S.C. §§ 7432, 7433. |

*Charles H. Magnuson*, Law Offices of Charles Magnuson, Los Angeles, CA, for plaintiff.

*Carl David Wasserman*, Tax Division, Court of Federal Claims Section, United States Department of Justice, Washington, D.C., for defendant.  With him were *David A. Hubbert*, Assistant Attorney General, *David I. Pincus*, Chief, *G. Robson Stewart*, Assistant Chief.

## OPINION AND ORDER

**KAPLAN**, **Judge.**

      These consolidated cases are before the Court on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").  In No. 12-58, citing 26 U.S.C. §§ 6330(e)(1), 7432, and 7433, the plaintiff, Gerd Topsnik, seeks an award of damages against the United States in the amount of $257,224.97 based on the allegedly improper failure of the Internal Revenue Service ("IRS") to release liens and levies, and for what plaintiff claims were unauthorized IRS collection actions arising out of tax years 1992, 1993, 1999, 2000, and 2001.  Compl. (No. 12-58) ¶¶ 1, 4.  In No. 14-275, which the plaintiff characterizes as a "tax refund" case, he pursues claims for refunds for tax years 1992 and 1993 in the amount of "at least $58,698.17 plus statutory interest thereon."  Compl. (No. 14-275) ¶ 1; id. at 8.

      For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss No. 12-58 in its entirety, as well as any claims for damages related to tax years 1992, 1993,

1999, 2000, and 2001 contained in No. 14-275. It retains jurisdiction over No. 14-275 for purposes of hearing plaintiff's claims for tax refunds for tax years 1992 and 1993.

## BACKGROUND

**1. Complaint in No. 12-58**

Mr. Topsnik filed his first complaint in this court (No. 12-58) on January 30, 2012. As set forth in that complaint, plaintiff is a German resident against whom the IRS asserted liens and levies with respect to tax liabilities for tax years 1992, 1993, 1999, 2000, and 2001. Compl. (No. 12-58) ¶¶ 1-2. Plaintiff alleges that the IRS sent a Notice of Levy (Form 688A) on February 16, 2010, asserting the following unpaid tax liabilities: $9,066.60 for the tax period that ended on December 31, 1992; $49,631.57 for the tax period that ended on December 31, 1993; $24,268.89 for the tax period that ended on December 31, 1999; $28,471.73 for the tax period that ended on December 31, 2000; and $145,786.18 for the tax period that ended on December 31, 2001. Compl. (No. 12-58) ¶ 5.[1]

Plaintiff alleges that the liens and levies were improper for a variety of reasons, contending: (a) that he had previously satisfied certain of these amounts, Compl. (No. 12-58) ¶ 6; (b) that the ten-year collection period stated in 26 U.S.C. § 6502 had expired, Compl. (No. 12-58) ¶ 7; (c) that the IRS had already agreed to accept as full payment amounts plaintiff had paid regarding tax years 1992, 1993, and 1999, Compl. (No. 12-58) ¶ 8; (d) that a Collection Due Process request pursuant to § 6330 had been submitted regarding the 2001 year and was administratively pending a resolution, Compl. (No. 12-58) ¶ 9; and (e) that "[p]laintiff had as well submitted a proper request to the IRS for a release of a federal tax lien filed by the IRS with respect to the tax liabilities asserted by the IRS to be due and owing" for 1992, 1993, 1999, 2000 and 2001. Compl. (No. 12-58) ¶ 11. Plaintiff also alleges in No. 12-58 that IRS representatives and legal counsel were aware of the impropriety of the IRS's actions. Compl. (No. 12-58) ¶¶ 13-17.

Plaintiff asserts jurisdiction in No. 12-58 pursuant to 26 U.S.C. §§ 7432 and 7433 and seeks relief in the form of "damages" for unlawful collection actions for tax years 1992, 1993, 1999, 2000 and 2001. (Compl. (No. 12-58) at 6).

**2. The Government's Motion to Dismiss No. 12-58 Pursuant to 28 U.S.C. § 1500 and the Parallel California Case**

Mr. Topsnik's complaint in No. 12-58 was previously the subject of a motion to dismiss pursuant to 28 U.S.C. § 1500 because it was filed while plaintiff had a nearly identical action ongoing in California. See Order (No. 12-58) 1-2, Dec. 12, 2013, ECF No. 46. While the government's motion to dismiss was pending, the Federal Circuit issued a decision in Brandt v.

---

[1] According to the complaint, the IRS issued the February 16, 2010 notice to Gourmet Foods, Inc., 2910 E. Harcourt St., Rancho Dominguez, California, "with respect to Gerd Topsnik," and with plaintiff's address listed on the notice as "5030 Cliff Drive, Delta, British Columbia, Canada." See Compl. (No. 12-58) ¶ 5; id. Ex. H.

2

United States, 710 F.3d 1369 (Fed. Cir. 2013), which resolved the section 1500 jurisdictional issue in plaintiff's favor. See id. at 2.  On December 12, 2013, the judge to whom this case was previously assigned denied the government's section 1500 motion to dismiss, based on the intervening Brandt decision, and denied the government's motion to continue the existing stay in this action until the Ninth Circuit ruled on the plaintiff's then-pending appeal. Id. at 6-7.

  The Ninth Circuit ultimately ruled in the government's favor in the pending action on February 10, 2014.  Topsnik v. United States, 554 F. App'x 630, 631 (9th Cir. Feb. 10, 2014).  It affirmed the district court's decision that because Mr. Topsnik resides in Germany and is not a resident of any judicial district, venue did not lie in the district court pursuant to 28 U.S.C. § 1402(a)(1), which provides that "[a]ny civil action in a district court against the United States . . . may be prosecuted only . . . in the district court where the plaintiff resides." Topsnik, 554 F. App'x at 631.  The court of appeals further observed that although Mr. Topsnik had framed his case in the district court as a claim for damages, it was in reality a suit for a tax refund over which the Court of Federal Claims has concurrent jurisdiction with the district courts as described in 28 U.S.C. § 1346(a)(1).  Topsnik, 554 F. App'x at 631.  Finally, the court of appeals rejected Mr. Topsnik's argument that the district court should have transferred his case to the Court of Federal Claims pursuant to the venue transfer statute—28 U.S.C. § 1404(a)—rather than dismissing it, holding that 28 U.S.C. § 1404 only applies to venue transfers to another "district or division" and that the Court of Federal Claims is neither.  Topsnik, 554 F. App'x at 631.

### 3. The Complaint in No. 14-275

  On April 8, 2014, a status conference was held in No. 12-58.  During that conference, the Court sought confirmation from Mr. Topsnik regarding the nature of his claims, which (as noted above) are characterized as claims for "damages" in the complaint, but which the prior judge assigned to this case (as well as the Ninth Circuit) had characterized as claims for tax refunds. Topsnik v. United States, 114 Fed. Cl. 1, 1-2 (2013); Status Conference Tr. (No. 12-58) 4-5, April 8, 2014.  The Court cautioned counsel for Mr. Topsnik that, to the extent that the claims were characterized as actions for damages, they were not within this Court's Tucker Act jurisdiction, but that the Court would have jurisdiction if he were instead seeking tax refunds. Status Conference Tr. (No. 12-58) 4, 10.  The Court asked counsel for Mr. Topsnik whether he agreed that the claims for damages were properly characterized as requests for tax refunds.  In response, counsel for Mr. Topsnik firmly maintained that the allegations in No. 12-58 were intended to support claims for damages, not tax refunds, and suggested that a jurisdictional basis for such damages claims might be located in 28 U.S.C. 1346(a)(1).  Status Conference Tr. (No. 12-58) 4-5, April 8, 2014.

  Although it is not entirely clear, counsel for Mr. Topsnik's reluctance to classify his claims as requests for tax refunds appears to have been motivated by the fact that Mr. Topsnik had not exhausted administrative remedies for the tax years 1999, 2000, and 2001.  See id. at 5 (counsel for Mr. Topsnik observing that "the refund claim would go to the years '92 and '93 . . . . [b]ecause those are the years for which claims for refunds were filed").  In any event, counsel for Mr. Topsnik advised the Court that he planned to file a second complaint the next day, which he characterized as a "refund suit with respect to '92 and '93." Id. at 15.  He stated that he was doing so in order to avoid a statute of limitations issue on the refund claims in the

3

event that the Court dismissed No. 12-58 on the grounds that it lacked jurisdiction over Mr. Topsnik's claims in that case, which were for damages. Id. at 15-16.

On April 14, 2014, the plaintiff filed No. 14-275. That complaint contained allegations similar to those in the complaint in No. 12-58 and referred to allegedly improper IRS actions with respect to tax years 1992, 1993, 1999, 2000, and 2001. But unlike the complaint in No. 12-58, the new complaint explicitly asserted claims for tax refunds (as opposed to damages) for years 1992 and 1993 and contained an allegation that plaintiff had filed administrative claims for tax refunds for tax years 1992 and 1993. Compl. (No. 14-275) ¶ 17.

### 4. The Government's Motions to Dismiss

The government filed a motion to dismiss No. 12-58 on June 9, 2014. Thereafter, because the two cases had been consolidated, on October 28, 2014, the Court directed that the government file a single motion covering both cases and denied the government's motion to dismiss No. 12-58, without prejudice, as moot.[2] Scheduling Order (No. 12-58), Oct. 28, 2014, ECF No. 64; Order (No. 12-58), Oct. 28, 2014, ECF No. 65. On November 14, 2014, the government filed a renewed motion to dismiss that encompassed both cases. That renewed motion is currently before the Court.

## DISCUSSION

Whether this Court has jurisdiction to decide a case is a threshold matter, and, if no jurisdiction exists, the Court must order dismissal without proceeding further. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff, however, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Id.

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages (United States v. Mitchell, 463 U.S. 206, 215 (1983)), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract,

---

[2] Plaintiff's apparent belief that this Court's October 28, 2014 Order had the effect of rejecting the merits of the government's jurisdictional arguments is mistaken. See, e.g., Pl.'s Reply 3 (stating that the Court's order of October 28, 2014 rejected the government's theory of subject matter jurisdiction). The Court's Order denied the government's motion on mootness grounds and without prejudice to the government pressing the same jurisdictional arguments as part of a single motion to dismiss addressed to both Nos. 12-58 and 14-275.

4

statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

It is well established that the Tucker Act grants this Court jurisdiction over suits for the refund of taxes paid to the Treasury. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002). See also Ont. Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993).[3] This Court's exercise of that jurisdiction is subject, however, to the exhaustion requirement set forth in 26 U.S.C. § 7422. That provision states,

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

As noted above, in No. 12-58, plaintiff seeks "damages for a failure to release IRS liens and levies and for unauthorized IRS collection actions." Compl. (No. 12-58) ¶ 1. Plaintiff's claims in No. 12-58 cover tax years 1992, 1993, 1999, 2000, and 2001. As plaintiff's counsel has consistently maintained in response to inquiries by the Court and in his filings, notwithstanding that his claims in No. 12-58 could be read as claims for tax refunds, plaintiff intended instead that they be treated as claims for damages under the Internal Revenue Code's civil damage provisions, 26 U.S.C. §§ 7432 and 7433. See, e.g., Status Conference Tr. (No. 12-58) 4-5, 9, April 8, 2014; Pl.'s Resp. (No. 12-58) 1-3, 10-15, July 9, 2014, ECF No. 59.

Plaintiff's complaint in No. 12-58 makes factual allegations of improper conduct by IRS officials based on their allegedly intentional or negligent actions. Compl. (No. 12-58) ¶¶ 14-17. Such intentional or negligent wrongdoing is a required element of an action under the civil damages provisions of the Internal Revenue Code. Thus, section 7432(a) provides,

---

[3] Pursuant to 28 U.S.C. § 1346(a)(1), district courts may exercise concurrent jurisdiction with this Court over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

While 28 U.S.C. 1346(a)(1) mentions the Court of Federal Claims in the course of conferring jurisdiction on district courts, it is not the source of the Court of Federal Claims' jurisdiction over tax refund cases; rather, such jurisdiction is based on 28 U.S.C. § 1491, which pre-dated section 1346(a)(1). See Ferguson v. United States, 118 Fed. Cl. 762, 763 n.2 (2014), and cases cited therein.

5

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Similarly, section 7433(a) states,

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

It further provides that "[e]xcept as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a).

As is readily apparent based on the allegations in the complaint in No. 12-58, and on the elements of a cause of action under either 26 U.S.C. § 7432 or § 7433, claims for damages under these provisions of the Internal Revenue Code "sound in tort" and are therefore not within this Court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1).  Instead, as expressly provided in sections 7432(a) and 7433(a), an individual seeking to recover such damages may do so by "bring[ing] a civil action for damages against the United States in a district court of the United States."  The Court of Federal Claims, of course, is not a district court.  It therefore lacks subject matter jurisdiction over the claims set forth in No. 12-58.  Ledford, 297 F.3d at 1382.

On the other hand, in No. 14-275, the plaintiff seeks a refund of income taxes paid for tax years 1992 and 1993.  Compl. (No. 14-275) ¶ 1.[4]  He alleges (and the government has not denied) that he filed claims for refunds with the IRS for those years.  Id. at ¶ 17.  He further alleges that more than six months have expired since he filed those claims and that he has not yet received a notice of disallowance from the IRS.  Id. at ¶ 18.  See 26 U.S.C. § 6532(a)(1) (providing that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates").  Accordingly, this Court has Tucker Act jurisdiction over the claims in No. 14-275, seeking the refund of taxes paid in tax years 1992 and 1993.

---

[4] It is not entirely clear from the complaint in No. 14-275 whether plaintiff is also re-asserting or repeating in that complaint the same damages claims he pressed in No. 12-58 as to tax years 1992, 1993, 1999, 2000, and 2001.  To the extent that he is, this Court would lack jurisdiction to hear them, for the reasons set forth above in discussing the Court's lack of jurisdiction in No. 12-58.

Finally, the Court notes that in his response to the government's motion to dismiss, the plaintiff states that—notwithstanding counsel's consistent representations that administrative claims for tax refunds had not been filed for any years other than 1992 and 1993—he has located a copy of a claim for a refund for tax year 1999. Compare Pl.'s Reply (No. 12-58) 7, Attachment B, ECF No. 68, with Status Conference Tr. (No. 12-58) 5, 8, 10, April 8, 2014, ECF No. 57, and Status Conference Tr. (No. 12-58) 11, Oct. 28, 2014, ECF No. 67. And although his complaint in No. 14-275 requests tax refunds only for tax years 1992 and 1993, in his response to the government's motion to dismiss, the plaintiff appears to suggest that he now also wishes to assert a claim for a refund for tax year 1999. See Pl.'s Reply (No. 12-58) 7, ECF No. 68 (observing that "[d]efendant seeks a dismissal of the alternative refund remedies applicable to the years for 1992, 1993, and 1999"); id. at 11 (asserting that "Case No. 14-275 T refund action is to relate as well to the accompanying 1999 refund claim as is reflected by IRS taxpayer account transcripts and administrative file contents").

The Court is not quite sure what to make of plaintiff's sudden references to a 1999 refund claim, given plaintiff's counsel's past representations, the government's assertions that the IRS has no record of receiving such a claim (see Def.'s Reply (No. 14-275) 3, Dec. 24, 2014, ECF No. 12), and the fact that the complaint for tax refunds in No. 14-275 is expressly limited to tax years 1992 and 1993. But in any event, at this point, there is no claim before the Court in No. 14-275 for a tax refund for tax year 1999. Accordingly, the Court does not consider the plaintiff's assertions regarding any 1999 refund claim filed with the IRS as relevant to the disposition of the government's motion to dismiss.[5]

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss No. 12-58 in its entirety is **GRANTED**, and that case is dismissed without prejudice, for lack of subject matter jurisdiction. To the extent that No. 14-275 asserts claims for damages under 26 U.S.C. § 7432 or § 7433, the government's motion to dismiss those claims is likewise **GRANTED**. The Court will retain jurisdiction over the remaining claims in No. 14-275, which seek tax refunds for tax years 1992 and 1993. The Clerk of the Court is directed to enter judgment accordingly in No. 12-58.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge

---

[5] Should plaintiff wish to assert a claim for a tax refund for tax year 1999, he must seek leave of court to amend his complaint in No. 14-275 to add such a claim. See RCFC 15(a)(2).